**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANUEL SALVADOR MONTES,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Operations of Social Security,<br><br>Defendant. | Case No. CV 17-05293-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. <u>INTRODUCTION</u>

Plaintiff Manuel Salvador Montes ("Plaintiff") challenges the Commissioner's denial of his application for a period of disability and disability insurance benefits ("DIB"). For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED.

## II. <u>PROCEEDINGS BELOW</u>

On September 20, 2013, Plaintiff protectively applied for DIB alleging disability beginning September 5, 2013. (Administrative Record ("AR") 64-65, 56, 74.) His application was denied initially on December 26, 2013, and upon reconsideration on February 19, 2014. (AR 75, 80.) On March 25, 2014, Plaintiff

filed a written request for hearing, and a hearing was held on September 28, 2015. (AR 36, 87.) Represented by counsel, Plaintiff appeared and testified, along with an impartial vocational expert ("VE") and an impartial medical expert. (AR 38-55.) On November 27, 2015, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[1] since September 5, 2013. (AR 28.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (AR 1.) Plaintiff filed this action on July 18, 2017. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 5, 2013, the alleged onset date ("AOD"). (AR 21.) At **step two**, the ALJ found that Plaintiff has the following severe impairments: degenerative joint disease of the right shoulder, status-post September 2013 arthroscopic repair; bilateral carpal tunnel syndrome, status-post 2014 carpal tunnel release procedures; trigger fingers, status-post surgical release procedures; diabetes mellitus with neuropathy and nonproliferative retinopathy; hypertension; and monocular vision due to the loss of the claimant's left eye in approximately 1997. (*Id*.) At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR 22.)

///
///
///

---

[1] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

Before proceeding to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> [P]erform at a much reduced level[] light work . . . except that he can stand and walk four hours, and can sit six hours, in an eight-hour workday. He cannot push or pull with his right upper extremity, he can occasionally reach overhead with the right upper extremity, and he can occasionally perform grasping and fine manipulations with the right hand. He can frequently perform gross manipulations with the left hand, and has no limitation on fine manipulations with that hand. He cannot perform a job that requires binocular vison. He can occasionally read fine print.

(AR 22.)

At **step four**, based on Plaintiff's RFC and the VE's testimony, the ALJ found that Plaintiff was unable to perform any past relevant work. (AR 26-27.) At **step five**, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," the ALJ found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (AR 27.) Accordingly, the ALJ determined that Plaintiff had not been under a disability from the AOD through the date of the decision. (AR 28.)

### III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making

findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see Robbins,* 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. DISCUSSION

Plaintiff raises a single issue for review: whether the ALJ sustained the Commissioner's burden at step five of the sequential evaluation. (Joint Submission ("JS") 5.) For the reasons below, the Court reverses and remands.

### A. The ALJ's "Step Five" Findings Are Not Supported By Substantial Evidence

Plaintiff contends that the ALJ erred in relying on the VE's testimony to find that Plaintiff was capable of performing other work that exists in significant numbers in the economy. (*See* JS 5-8.) The Commissioner contends that the ALJ properly relied on the VE's testimony, and any error was harmless. (*See* JS 8-14.)

#### 1. Applicable Legal Standard

If a claimant shows that he or she cannot perform past relevant work, it is the Commissioner's burden to establish that, considering the RFC, the claimant can

perform other work. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). To make this showing, the ALJ may rely on the testimony of a vocational expert. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). The ALJ may pose accurate and detailed hypothetical questions to the VE to establish (1) what jobs, if any, the claimant can do, and (2) the availability of those jobs in the national economy. *Id.* at 1101. The VE then translates the ALJ's scenarios into "realistic job market probabilities" by testifying about what kinds of jobs the claimant can still perform and whether there is a sufficient number of those jobs available in the economy. *Id.* (citing *Desrosiers v. Secretary of Health and Human Servs.*, 846 F.2d 573, 578 (9th Cir. 1988) (Pregerson, J., concurring)).

"[T]he Social Security Administration relies primarily on the Dictionary of Occupational Titles for 'information about the requirements of work in the national economy,'" and a VE's testimony generally should be consistent with it. *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007) (quoting Soc. Sec. Reg. 00-4p, 2000 WL 1898704 at *2). When there is a conflict between the Dictionary of Occupational Titles ("DOT") and the VE's testimony, neither automatically prevails over the other. *Id.* The ALJ must determine whether a conflict exists and, if so, determine whether the VE's explanation for the conflict is reasonable and whether there is a basis for relying on the VE rather than the DOT. *Id.*; *see Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015) ("When there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency."). The ALJ may not rely on the VE's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT. *Massachi*, 486 F.3d at 1152.

///

///

**2. Discussion**

At the hearing, the ALJ examined the medical expert about Plaintiff's impairments. (AR 46-48.) The medical expert identified the following workplace limitations based on Plaintiff's impairments:

> He can lift 20 pounds occasionally, ten pounds frequently, stand and walk four out of eight, sit six out of eight. Right shoulder would be limited to only occasional overhead, no push, pull with the right upper extremity, occasional grasp gross and fine for the right hand, the left hand . . . would have . . . frequent gross handling. He would have limited vision. . . . no binocular range [ ] and no—only occasional . . . close or distance . . . .

(AR 47-48.) Adopting these limitations, the ALJ asked the VE whether a hypothetical individual with those limitations could perform Plaintiff's past work. (AR 48.) The VE testified that Plaintiff's past work would not be available. (*Id.*) The ALJ then asked the VE whether there would be other jobs available in the national or regional economy. (*Id.*) The VE identified the jobs of information clerk, furniture rental clerk, and counter clerk. (AR 49-50.)

Plaintiff contends that he cannot perform these other jobs due to his manipulative limitations and standing and walking limitations. (JS 6.) Although the jobs of furniture-rental consultant and counter clerk require only occasional reaching and handling, the job of information clerk requires frequent reaching and handling. *See* DICOT 237.367-018, 1991 WL 672187 (information clerk); DICOT 295.357-018, 1991 WL 672589 (furniture-rental consultant); DICOT 249.366-010, 1991 WL 672323 (counter clerk). Additionally, all three jobs are classified as light work, the full range of which "requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." Titles II & XVI: Determining Capability to Do Other Work, Soc. Sec. Reg. 83-10, 1983 WL 31251 (S.S.A. 1983). Thus, Plaintiff contends that the VE's testimony about Plaintiff's ability to perform these jobs facially conflicts with the DOT's requirements for the jobs. (*See* JS 7.)

The Court agrees that there is an apparent conflict between the VE's testimony and the DOT. Thus, the ALJ was required to reconcile the inconsistencies. *See Zavalin*, 778 F.3d at 846. Although the ALJ "determined that the [VE]'s testimony is consistent with the information contained in" the DOT (AR 28), the ALJ did not ask the VE whether his testimony conflicted with the DOT or whether there was a reasonable explanation for the conflict. (*See* AR 48-50 (examination of VE by ALJ).) A failure to inquire may be harmless if the VE provides sufficient support for his conclusion "so as to justify any potential conflicts." *Massachi*, 486 F.3d at 1154 n.19.

After the VE identified the job of information clerk, the ALJ asked the VE whether that job met the functional requirements with respect to Plaintiff's right upper extremity limitations. (*See* AR 49.) The VE testified that it did, as long as Plaintiff could frequently use his left upper extremity. (*See* AR 49.) The VE also stated that his answer is the same even though Plaintiff's right hand is his dominant hand. (*See* AR 50.) Contrary to Plaintiff's contention that the VE's "mere ipse dixit" is insufficient (JS 7), the ALJ permissibly relied on this testimony. No additional foundation is required, *see Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005), and Plaintiff's counsel did not challenge the VE's conclusion at the hearing (AR 50, 52, 54 (examination of VE by Plaintiff's counsel)). Therefore, the Court finds that there is sufficient support for the VE's conclusion that Plaintiff could perform the job of information clerk, with respect to Plaintiff's reaching and handling limitations.

However, the Court cannot determine whether there is support for the VE's conclusion with respect to Plaintiff's standing and walking limitations. The full range of light work requires an ability to stand or walk for 6 hours in an 8-hour workday. *See* SSR 83-10. Plaintiff is limited to standing and walking for 4 hours in an 8-hour day. (AR 22; *see* AR 47.) The ALJ did not inquire whether the identified jobs are nevertheless consistent with Plaintiff's reduced standing and

walking ability. Because the ALJ failed to ask the VE about any conflicts between his testimony and the DOT, the Court cannot find that the ALJ's reliance on the VE's testimony was harmless. *Massachi*, 486 F.3d at 1154 n.19 (determining that an ALJ's failure to ask a VE whether her testimony conflicted with the DOT was not harmless when there was "an apparent conflict with no basis for the vocational expert's deviation"). *Cf. Cordray v. Astrue*, No. CIV. 08-1386-JE, 2010 WL 2608331, at *9 (D. Or. Mar. 3, 2010) (finding that an ALJ's failure to ask a VE whether her testimony was consistent with the DOT was harmless error when a plaintiff identified no actual inconsistency and no inconsistency was apparent), *report and recommendation adopted*, No. 08-CV-1386-JE, 2010 WL 2608336 (D. Or. June 23, 2010).

In sum, the Court finds that the ALJ improperly relied on the VE's testimony, and the ALJ's ultimate step five findings are not supported by substantial evidence. *See Zavalin*, 778 F.3d at 846 (9th Cir. 2015) ("The ALJ's failure to resolve an apparent inconsistency may leave us with a gap in the record that precludes us from determining whether the ALJ's decision is supported by substantial evidence.").

### B. Remand For Further Administrative Proceedings

Because further administrative review could remedy the ALJ's errors, remand for further administrative proceedings, rather than an award of benefits, is warranted here. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances). Before ordering remand for an award of benefits, three requirements must be met: (1) the Court must conclude that the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the Court must conclude that the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on

remand. *Id.* (citations omitted). Even if all three requirements are met, the Court retains flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* (citation omitted).

Here, remand for further administrative proceedings is appropriate. The Court finds that the ALJ failed to resolve an inconsistency between the DOT's job requirements and the VE's testimony about Plaintiff's ability to meet those requirements. On remand, the ALJ shall perform the appropriate inquiries under SSR 00-4p and reconcile any conflicts at step five to determine what work, if any, Plaintiff is capable of performing.

## V. **CONCLUSION**

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: June 27, 2018

*/s/ Rozella A. Oliver*

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**